UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL JOEL BURCH,

    Petitioner,

v.                                      CASE NO. 2-19-CV-12813
                                          HON. VICTORIA A. ROBERTS

MATT MACAULEY,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION REQUESTING A STAY OF PROCEEDINGS AND STAYING AND ADMINISTRATIVELY CLOSING THE CASE

Michigan prisoner Samuel Joel Burch ("Petitioner"), through counsel, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder, felon in possession of a firearm, carrying a concealed weapon, possession of a firearm during the commission of a felony in the Genesee County Circuit Court and was sentenced, as a fourth habitual offender, to life imprisonment without parole, concurrent terms of 6 years 4 months to 15 years imprisonment, and a consecutive term of 2 years imprisonment in 2016. In his pleadings, he raises claims concerning his confrontation rights, the effectiveness of trial counsel, and the jury voir dire. The matter is now before the Court on Petitioner's Motion Requesting a Stay of Proceedings so that he can return to the state

courts and pursue additional claims, particularly a claim that trial counsel was ineffective for failing to sufficiently present a defense of others and/or self-defense strategy, and develop a factual record for his ineffective assistance of counsel claims. Respondent has recently filed an Answer in Opposition to Petition for Writ of Habeas Corpus, but has not responded to the stay request.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of a petitioner's claims before he can present those claims on habeas review. Otherwise, a federal court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is met if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state

courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which Petitioner may raise his new issues. Petitioner may file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq.* and then appeal the trial court's decision to the state appellate courts as necessary. Any unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly

meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner shows the need for a stay. He wishes to pursue a new evidence and/or claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss this case to allow for further exhaustion of state remedies. While Petitioner does not specifically discuss good cause relative to the time period before he instituted this action in September, 2019, he does explain that he intended to investigate additional issues and seek a stay sooner, but pandemic-related prison conditions, court closures, and the like limited his ability to do so. It is also possible that appellate counsel's failure to develop the state court record or to pursue certain claims may provide good cause. Additionally, the claims do not appear to be plainly meritless and there is no evidence of intentional delay. Lastly, Respondent does not object to the stay request. Consequently, the Court shall stay the proceedings and hold the exhausted claims in this case in abeyance pending Petitioner's pursuit of state court remedies as to any unexhausted

claims.[1] The Court make no determination as to the procedural or substantive merits of any claims.

Accordingly, the Court **GRANTS** Petitioner's Motion Requesting a Stay of Proceedings and holds the current habeas claims in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner filing a motion for relief from judgment with the state trial court within 60 days of the filing date of this order, completing his state court remedies, and then returning to this Court to proceed on an amended habeas petition containing any additional, exhausted claims by filing a motion to reopen, using the same caption and case number, within 60 days of the conclusion of his state court proceedings. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, the case is closed for administrative purposes pending compliance with these conditions.

---

[1]The Court notes that it will not prospectively toll the one-year period as to the habeas claims. The timeliness of Petitioner's current claims will not be affected as long as he complies with the terms of the stay. The timeliness of any new claims cannot be determined until those claims are exhausted and presented in an amended habeas petition.

**IT IS SO ORDERED**.

                                                  s/ Victoria A. Roberts
                                                  VICTORIA A. ROBERTS
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 3, 2021